UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY PERRY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) C.A. No. 17-1932 (TSC) |
| v. | ) |
|  | ) |
| WILBUR L. ROSS, JR., Secretary, United States Department of Commerce, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## DEFENDANT'S STATUS REPORT

Defendant, by counsel, respectfully submits this status report in accordance with the Order issued on September 22, 2017 in the above-captioned matter. Undersigned counsel spoke with Plaintiff *pro se* on October 10, 2017. Plaintiff stated that he was on his way to the courthouse to file his own status report and that he did not have email access to review Defendant's proposed Joint Status Report. As a result, Defendant files this status report with its understanding of the background and status of the case.

**Procedural History**

**1)** The U.S. Department of Commerce (Defendant) falls under the Executive Branch of the Federal government and is comprised of a number of agencies and bureaus, one of which is the Bureau of the Census (Census Bureau or Agency). 13 U.S.C. § 2.

**2)** On August 16, 2011, Plaintiff, who at the time had representation by the president of the local union representing the employees of the Agency's headquarters, entered into a settlement agreement with Defendant, resolving all of his pending EEO complaints and all other disputes arising out of his employment with the Agency (up until the effective date of the agreement). Plaintiff signed this agreement on August 16, 2011 and the agreement went into effect on August 22, 2011. The relevant portions of this agreement read as follows:

**2. COMPLAINANT.** In consideration of the Agency taking the actions described in Paragraph 3 below, Complainant agrees to:

    a.    Retire voluntarily effective no later than September 4, 2012. Complainant acknowledges that by entering into this Agreement his decision to retire is both voluntary and irrevocable.

    b.    Voluntarily resign from his employment with the Agency, effective September 4, 2012, in the event Complainant has not retired by the close of business, September 4, 2012. Complainant will do this by completing

       Part E of the Standard Form 52 attached to this Agreement and submitting this completed form to the Agency at the same time that he submits this Agreement with his signature. Complainant agrees that the reason given for his resignation will not be adverse or hostile to the Agency.

c.   Except as set forth in this Agreement, not apply for or accept any positions with the Agency at any time in the future from the effective date of this Agreement. If Complainant applies for employment in violation of the Agreement and the Agency hires him, the Agency, at its discretion, may remove him immediately. Complainant further agrees to voluntarily waive all appeal rights he has and not to litigate in any forum, judicial or administrative, any claims arising from a removal pursuant to this paragraph.

d.   Refrain from engaging in any acts of misconduct from the effective date of this Agreement until his retirement or resignation, which will be no later than September 4, 2012. If the Agency determines in its sole discretion that Complainant has engaged in any acts of misconduct during the time period established in this paragraph, Complainant will be subject to immediate removal without any right to reply. The waiver of rights contained in Paragraph 2.h. below applies to any removal implemented pursuant to this paragraph.

e.   Serve a suspension for thirty (30) calendar days in lieu of the removal proposed on June 7, 2011, for receipt of pay for time not worked and failure to follow supervisory directive. The suspension will be served nine (9) consecutive calendar days per pay period between Saturday of the preceding week and Sunday of the following week, beginning Saturday, August 27, 2011.

f.   Accept, at the Agency's sole discretion, a reassignment from the effective date of this Agreement until his retirement or resignation, which will be no later than September 4, 2012. Complainant agrees and understands that he will be reassigned to the position of Information Technology Specialist, GS-14, with no supervisory title, status or duties. There will be no change to Complainant's salary and/or benefits as a result of this reassignment. The Agency retains the right to change Complainant's supervisor or work unit at its sole discretion.

g.   **WITHDRAWAL.** Withdraw EEOC Case No. 531-2010-00351X/Agency Complaint Nos. 09-63-01027, 10-63-00197 & 11-63-00080, EEOC Docket No. 0120111784 /Agency Complaint Nos. 07-63-00080 & 07-63-00145, and EEOC Docket No. 0120111034/Agency Case No. 10-63-02671 with no right to raise these issues again, except as provided in Paragraph 7, below. These withdrawals will take effect on the effective date of this Agreement.

h.   **WAIVER**. Waive, release, and forever discharge the Agency, its officers, agents, employees, and representatives (in their official and/or personal

capacities) from any claims, demands, or causes of action, which Complainant has or may have, arising from his employment, including issues raised in EEOC Case No. 531-2010-00351X /Agency Complaint Nos. 09-63-01027, 10-63-00197 & 11-63-00080, EEOC Docket No. 0120111784/Agency Nos. 07-63-00080 & 07-63-00145, and EEOC Docket No. 0120111034 /Agency Case No. 10-63-02671. Complainant specifically waives any and all rights and claims arising out of the issues raised in the above-cited formal complaints of discrimination and/or related to any action taken pursuant to any provision of Paragraph 2, above, and Paragraph 3, below. Complainant waives any and all rights and claims arising from Complainant's employment under the Age Discrimination in Employment Act, 29 U.S.C. § 633a et seq., as amended by the Older Workers' Benefit Protection Act, the Rehabilitation Act, 29 U.S.C. § 791 et seq., as amended, and/or Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., as amended, as applicable. This release includes but is not limited to a release of any right to administrative, judicial, or congressional relief, or any other type of relief, or of any claim to back pay, attorneys' fees and costs, or other type of compensation, except what is specifically set forth in paragraph 3, below. However, by entering into this Agreement, Complainant does not waive rights or claims that may arise after the effective date of the Agreement.

**3. AGENCY.** In consideration of Complainant taking the actions described in Paragraph 2 above, the Agency agrees to:

a. Not remove Complainant from his position or from the Federal service based upon the charges outlined in the June 7, 2011, proposal to remove letter.

b. Issue a decision on the proposal to remove letter issued on June 7, 2011, suspending Complainant for thirty (30) days. The suspension will be served nine (9) consecutive calendar days per pay period between Saturday of the preceding week and Sunday of the following week, beginning Saturday, August 27, 2011. Complainant understands that the wording of the letter suspending him is within the sole and exclusive discretion of the Agency.

c. At the Agency's sole discretion, reassign Complainant from the effective date of this Agreement until his retirement or resignation, which will be no later than September 4, 2012. Complainant agrees and understands that he will be reassigned to the position of Information Technology Specialist, GS-14, with no supervisory title, status or duties. There will be no change to Complainant's salary and/or benefits as a result of this reassignment. The Agency retains the right to change Complainant's supervisor or work unit at its sole discretion.

d. Process Complainant's voluntary resignation effective September 4, 2012, in the event Complainant has not retired by the close of business, September 4, 2012.

  e.  Expunge Complainant's Official Personnel Folder of all records of disciplinary action taken pursuant to Paragraph 3.b. above if as of the date of his retirement or resignation, which will be no later than September 4, 2012, Complainant has not engaged in any further acts of misconduct, in accordance with Paragraph 2.d. above. Pursuant to this subparagraph, the Agency agrees to provide any prospective employer with a reference consisting of the dates of Complainant's employment with the Agency; the title, grade, series, and salary of the position held by Complainant at the time of his retirement or resignation; and that Complainant retired or resigned voluntarily from his position with the Agency. However, failure to comply with this subparagraph due to ignorance of the Agreement and its terms by any Agency employee does not give rise to a claim of breach of contract by Complainant.

**8. EFFECT OF SIGNATURE**. By signing this Agreement, Complainant agrees that Complainant has read and understands the entire Agreement, the effect(s) of each provision, especially the provisions relating to the withdrawal of the formal complaint(s), thereby foreclosing further litigation on the matters raised in the formal complaint(s), and the waiver set forth in Paragraph 2, above, and that Complainant has signed this Agreement voluntarily and was in no way coerced. Complainant shall have twenty-one (21) days from the date of receipt of this Agreement to consider its terms. Should Complainant sign this Agreement before the twenty- one (21) day time period has expired, Complainant attests that Complainant's decision to accept such a shortening of this period is knowing and voluntary, and was not induced by the Agency through fraud, misrepresentation, and/or threat to withdraw or alter the terms of the Agreement.

3) On April 25, 2012, Plaintiff filed an appeal with the U.S. Merit Systems Protection Board (MSPB or Board) alleging that he "was coerced to sign the EEO Settlement Agreement forcing [him] to involuntary [*sic*] retire…" *Anthony W. Perry v. U.S. Department of Commerce*, 2013 MSPB Lexis 6554 (December 23, 2013). He also claimed that Defendant discriminated against him on the basis of race, age, disability, and retaliated against him for engaging in protected EEO activity. *Id*. On December 23, 2013, after a hearing into Appellant's allegations, the administrative judge presiding over the matter issued the initial decision finding that Plaintiff failed to demonstrate that the Agency coerced him into signing the settlement agreement, meaning the MSPB had no jurisdiction over the appeal since the contested suspension and retirement were voluntary in nature. *Id*. In detail, the administrative judge found that based on the evidentiary record, "there is sufficient evidence to show that the parties entered into a valid, enforceable settlement agreement," "no fraud, coercion or misrepresentation occurred," and "Appellant understood the terms and conditions of the settlement." *Id.* Due to the lack of jurisdiction over the original appealed actions (the suspension and retirement), Plaintiff's discrimination claims were not considered. *Id.*

4) On appeal, the full MSPB subsequently upheld the administrative judge's initial decision described above, finding that the MSPB had no jurisdiction since Plaintiff knowingly entered into a valid settlement agreement with the Agency without any fraud, coercion, or misrepresentation. *Anthony W. Perry v. U.S. Department of Commerce*, 121 M.S.P.R. 439 (August 6, 2014). The MSPB did not rule on Plaintiff's discrimination claims, as it had no

jurisdiction over the underlying appeal.  *Id.*  The MSPB issued a final order affirming the dismissal and informing Plaintiff that he could seek review in the U.S. Court of Appeals for Federal Circuit.  *Id.*

5) Plaintiff, proceeding *pro se*, instead filed a petition for review in the United States Court of Appeals for the District of Columbia Circuit.  *Perry v. MSPB,* 829 F.3d 760 (D.C.Cir.2016).[1]  The D.C. Circuit appointed an amicus curiae to present argument as to whether it had jurisdiction over the petition, and, if not, whether the case should be transferred to the Federal Circuit or to district court.  *Id.*  Plaintiff sought to have the case transferred to district court while the government advocated for the case to go to the Federal Circuit.  *Id.*  After briefing, the court of appeals held that the Federal Circuit had exclusive jurisdiction to review the MSPB's dismissal of Plaintiff's appeal for lack of jurisdiction, and therefore transferred the case to the Federal Circuit.  *Id.*  The court reasoned that Plaintiff could pursue his discrimination and retaliation claims in district court at a later date if the Federal Circuit upheld the MSPB dismissal.  *Id.*

6) Plaintiff, through his amicus curiae, then filed a writ of certiorari that the U.S. Supreme Court granted on January 13, 2017.  The question presented accepted by the Supreme Court was: Whether 5 U.S.C. 7703(b)(2), which creates an exception to exclusive Federal Circuit review of Merit Systems Protection Board (MSPB or Board) decisions in cases where "an action which [an] employee * * * may appeal to the [Board]" is alleged to involve discrimination, 5 U.S.C. 7702(a)(1)(A), applies to a case in which the MSPB determines that the relevant action is not one that the employee may appeal to the Board.

7) The Supreme Court heard oral arguments in *Perry v. MSPB*, No. 16-399, on April 17, 2017 and issued its decision on June 23, 2017.  *Perry v. MSPB*, 137 S.Ct. 1975 (2017).  The Supreme Court reversed the lower court's ruling and determined that the proper forum for an appellant to proceed when the MSPB dismisses a mixed case (one alleging an MSPB appealable action and discrimination) on jurisdictional grounds is district court and not the Federal Circuit.  *Id.*  The district court is to review the MSPB's jurisdictional dismissal and then hear the discrimination and/or retaliation claims de novo, if applicable.  *Id.*

8) On September 14, 2017, the D.C. Circuit vacated its original decision and pursuant to the Supreme Court's decision, recaptioned this case to *Perry v. Ross, U.S. Secretary of Commerce*, and remanded to the U.S. District Court for the District of Columbia.  *Perry v. Ross*, 2017 WL 4231118 (D.C.Cir.2017).

**Proposed Schedule**

At this time, based on the Supreme Court's decision in *Perry*, Defendant believes that the parties should first brief the issue regarding this Court's review of the MSPB's jurisdictional dismissal of Plaintiff's appeal.  If this Court finds to vacate the MSPB's previous jurisdictional dismissal and finds that the MSPB does indeed have jurisdiction, the recourse would be to send this entire case back to the MSPB for adjudication.  Therefore, any argument or evidence on

---

[1] When a final decision of the MSPB is appealed to the Federal Circuit, the MSPB and not the employing agency is the defending party.

Plaintiff's discrimination and retaliation claims before this Court before a determination on the MSPB's jurisdictional dismissal is made would be premature. If this Court affirms the MSPB's jurisdictional dismissal of Plaintiff's appeal, it could then set the schedule for proceeding ahead with adjudicating any previously raised discrimination and retaliation claims.

As far as the standard of review goes, the MSPB's jurisdictional dismissal of Plaintiff's appeal does not relate to any of his discrimination or retaliation claims. The MSPB's determinations on the jurisdictional dismissal are subject to the usual standard of review for administrative decisions and are set aside if the MSPB decision was "(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See Barnes v. Small,* 840 F.2d 972, 979 (D.C.Cir.1988) (citing 5 U.S.C. § 7703(c)); *see also Sher v. U.S. Department of Veterans Affairs*, 488 F.3d 489, 499 (1st.Cir.2007). Thus, the district court takes jurisdiction over the MSPB decision and reviews the non-discrimination claims on the [administrative] record. *Barnes*, 840 F.2d 979; *see also Williams v. U.S. Department of the Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983)(en banc).

The following schedule is proposed to brief the issue of whether the MSPB's decision dismissing Plaintiff's appeal for lack of jurisdiction should be affirmed by this Court:

Initial briefs from each party due by January 12, 2018.

Response brief due from Defendant by January 26, 2018.

Response brief due from Plaintiff by February 9, 2018.

**Status of Settlement**

Regarding settlement, at the present time, Defendant intends to litigate this complaint forward, but will vet any reasonable offers from Plaintiff.

Respectfully submitted,

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: _/s/_____
ALEXANDER D. SHOAIBI
D.C. Bar #423587
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2511
Alexander.d.shoabi@usdoj.gov

Counsel for Defendant