UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

| | |
|---|---|
| ANTHONY W. PERRY : <br> 5907 Croom Station Rd. : <br> Upper Marlboro, MD 20772 : <br> (301) 928-2305 : <br> : <br> Plaintiff, : <br> : Civil Action No: 17-cv-1932 (TSC) <br> v. : <br> : <br> WILBUR ROSS, SECRETARY : Request Trial by Jury <br> UNITED STATES DEPARTMENTOF COMMERCE : <br> 1401 Constitution Ave., N.W. <br> Washington, D.C. 20230 <br> <br> And <br> <br> UNITED STATES OF AMERICA <br> <br> And <br> <br> MERIT SYSTEMS PROTECTION BOARD <br> 1615 M Street, N.W. <br> Washington, D.C. 20419 <br> <br> Et al <br> <br> DEFENDANTS | |

RECEIVED

MAR 30 2018

Clerk, U.S. District and
Bankruptcy Courts

---

**Joint Status Report**

Plaintiff submits this Joint Status Report per the Court's January 17, 2018 Order to submit this report by April 1, 2018. Plaintiff notes here that Defendant Wilbur Ross has not responded to Plaintiff's November 13, 2017 Amended Complaint. Prior to the Court's Stay of all filing

1

deadlines, Plaintiff consented to a 30 day extension request by Defendant. Defendant had 90 days to respond to the complaint prior to the Court's Stay of filing deadlines.

Government Position

The Government's position is that the parties are in mediation. The first mediation session is scheduled for April 16, 2018. The Government further states that if mediation is unsuccessful, the government believes the parties should propose a briefing schedule.

Plaintiff Position

Plaintiff does not agree with the Government that a briefing schedule is appropriate prior to the Government's response to Plaintiff's amended complaint. Plaintiff has requested a jury trial in this matter. After the Government's response to Plaintiff's amended complaint, the case should proceed in accordance with the mixed case classification pursuant to the 1978 Civil Service Reform Act, Federal Rules of Civil Procedure and relevant local rules.

Upon lifting the Court's January 16, 2018 Stay on all filing deadlines in this matter or the failure of the Defendant to negotiate in good faith, Plaintiff respectfully requests this Court expedite adjudication of this matter by first ordering Defendant to respond to Plaintiff's Amended Complaint within 48 hours of Plaintiff's motion to order Defendant's response to Plaintiff's charges in the complaint and that the response not be a Motion to Dismiss by Rule 12 or Rule 56 in attempt to corrupt the normal civil procedure and deny Plaintiff justice. Plaintiff also submits that Defendant, with enormous resources, requested additional time to respond, days before its response was due and has not responded as of this Status Report filing, more

than 120 days. Plaintiff filed a timely Amended Complaint. It has been seven (7) years since this nightmarish action by Defendant and Plaintiff does not deserve justice to be delayed any further in this matter. I ask this Court to consider the damage to my family going forward. There is no need for additional delays in this matter.

This case comes to this Court from the United States Supreme Court 7-2 precedential ruling for Plaintiff in case # 16-399 on certiorari to U.S. Court of Appeals for the DC Circuit # 14-1155, Anthony W. Perry vs. Wilbur Ross et al and shall proceed in accordance to statutory law codified in the 1978 Civil Service Reform Act (1978 CSRA) and anti-discrimination and anti-retaliation enforcement provisions of each Title VII of the 1964 Civil Rights Act, the Rehabilitation Act, Age Discrimination in Employment Act which, and the Fair Labor Standards Act of 1938 "all authorize suit in federal district court" wherein the district court may adjudicate both the civil service claims and de novo review of the discrimination claims (7703(b)(2)); administrative, other statutory and constitutional law including first amendment prior constraint, equal protection, due process, and property rights; and prohibited personnel practices in violations of 5 USC 2302 (b)8, (b)9, (b)12, and (b)13; basic contract law; the Privacy Act; Whistleblower Protection Act and Whistleblower Protection Enhancement Act; torts of defamation, civil fraud, civil extortion, conspiracy to commit civil fraud and civil extortion; and violations of the Federal Tort Claims Act for negligence with malice and reckless disregard, intentional infliction, pain and suffering causing injury to plaintiff's spouse and daughter.

Plaintiff archived documentary evidence in this matter at D.C. Circuit case #14-1155 Joint Appendix, document/page JA-575 below includes direct evidence non-negotiable terms and

3

conditions of Plaintiff's employment were dictated while unsubstantiated charges of misconduct lay over the head of Plaintiff like an anvil suspended by a thread. The below document extraction was singularly a product of the Department of Commerce's (and the Census Bureau) Employment and Labor Law Division and Human Resources. See the instant text below:

**Benjamin T Felder/HRD/HQ/BOC**
**Ronda J Brown/POL/HQ/BOC@BOC**
**Terryne F Murphy/ISSRO/HQ/BOC@BOC, Stacy Chalmers/HRD/HQ/BOC@BOC**
Tuesday, July 26, 2011 07:37AM
AP Settlement
FYI - I presented the proposed terms for settlement to Johnny Zuagar yesterday. He advised that he would talk to
AP and get back to me. Hopefully, I will know something or have a counter-offer by the end of this week I will let
you know as soon as I have something. These were the terms offered:
1. Agree to retire/resign by NLT May 30, 2011. (nonnegotiable)
2. Agree not to apply for or accept any future positions with the BOC. (nonnegotiable)
3. Agree not to engage an any further misconduct. (nonnegotiable)
4. Accept a 60-day suspension.
5. Accept a reassignment to an already identified area.
6. Accept a demotion to a non-supervisory GS-13 position.
7. Withdraw all pending complaints/cases against the Agency. (nonnegotiable)
8. Agree not to file a claim against the Agency concerning this matter. (nonnegotiable)

The imposition of a nondisclosure agreement on a federal employee in John Does (1-4) vs. Dept. of Commerce IG was ruled a prohibited personnel practice the penalty for which was termination of the Inspector General and two Deputy IGs, is per se discrimination, is per se retaliation, violates Lloyd LaFollete law, violates basic contract law, due process, property rights, and other statutory, administrative, and constitutional law, also codified in EEOC statutory guidance document 915.002. The imposition of a nondisclosure agreement on Plaintiff in the instant case, based on un-sustained misconduct charges, with a disability and pending complaints before the EEOC and the Office of Special Counsel must also be involuntary,

imposed and coerced under duress and a prohibited personnel practice by statute, and violations of administrative and constitutional law, per se discrimination and per se retaliation.

**Jurisdiction and Service:**  The U.S. Supreme Court ruled in 16-399 that a mixed case as defined by the 1978 CSRA and Title VII, Rehabilitation Act, ADEA is proper before U.S. District Court to hear both Civil Service and discrimination claims under the enforcement provisions of each anti-discrimination and anti-retaliation statutes; Civil Rights violations in accordance with 42 U.S.C. 1981 and 42 U.S.C. 1983 (amended);  Privacy Act of 1974   5 U.S.C. 552a; original jurisdiction of civil claims in tort for extortion, conspiracy, fraud, conspiracy to commit fraud and extortion; negligent hiring and retention, 3rd Party claims of injury against Plaintiff's wife and child for negligence with malice and reckless disregard, negligent infliction of emotional distress, intentional infliction of emotional distress against individual federal employees in their official and personal capacities under 28 U.S.C. 1346(b), 1402(b), 2401(B), and 2670-2680. Plaintiff intends to serve and seek damages from individual Commerce Department and MSPB employee Defendants in their personal and official capacities causing injury to Plaintiff and family in the instant matter.  Plaintiff believes that damages against the MSPB are warranted for injuries caused in violation of statutory, administrative and constitutional law.  Amicus brief in U.S. Court of Appeals for the District of Columbia, Perry v MSPB, states with clarity Perry was injured by MSPB's failure to act in accordance with law and statute and damages can be recovered.

Defendants named are sued in their personal capacities for violations of 42 USC 1981 and 1983, common law torts, contract law, administrative law and constitutional due process and

equal protection rights causing plaintiff substantial injury including loss of career and other injuries: MSPB Chief Administrative Law Judge Deborah Miron, MSPB Administrative Law Judge/ Attorney Daniel Turbitt, EEOC Chief Administrative Law Judge Mary E. Palmer, Census Bureau Former Director Robert M. Groves, Census Bureau Former Deputy Director Thomas Mesenbourg, Thomas Meerholz, Brian E. McGrath, Terryne F. Murphy, Brian DiGiacomo, John Guenther, Barbara Fredericks, Ronda J. Brown, Darren Gutschow, Roy Castro, John Cunningham, Ted Johnson, Benjamin Felder, Stacy Chalmers, Adam Chandler, American Federation of Government AFGE Union Representative Johnny Zuagar, Dale R. Reed, Patricia Musselman, and Susan Aramaki.

1. **Substance of the Action:** Civil Service Reform Act of 1978 claims on the basis of discrimination and requests separate de novo review of all of Plaintiff's EEO/EEOC unlawfully disposed and pending claims including case Anthony Perry, a/k/a Laurence L., Complainant (alias assigned by the EEOC Office of Federal Operations) v. Penny Pritzker, Secretary Dept of Commerce (Census Bureau) Appeal No. 0120161632/ Agency No. 63-2016-00083 and Plaintiff requests they be reviewed and settled as separate complaints de novo in this court because the Agency intentionally failed to timely adjudicate Plaintiff's complaints of discrimination.  Agency failed to adjudicate the pending EEOC complaints timely with two complaints going back to 2007 and actual non-selections and failure to promote back to 2000.  Plaintiff also seeks damages from federal employees in their individual capacities for civil rights violations, negligence, fraud, conspiracy and other torts.

6

Plaintiff includes whistleblower claims as Plaintiff filed complaints with the Office of Special Counsel which refused to investigate. Plaintiff withdrew complaints after being approached by Terryn Murphy stating that she would expect any other claims Plaintiff had to be withdrawn. Plaintiff's OSC Complaints identified are MA-11-2619, MA-14-4479, MA-14-4479, and DI-14-4483.

2. **Identification of Issues:** See amended complaint. Unlawful, invalid, involuntary and coerced agreement under duress, fraud and misrepresentation motivated by disability, race, and age discrimination; constructive discharge, constructive 30 day suspension, constructive reassignment (failed to reassign when requested). Pursuit of claims of retaliation per anti-retaliation provisions of each discrimination statute; repeated failure to promote and non-selection on basis of race and retaliation; repeated unfair performance evaluation on the basis of race, age, and retaliation; denial of training, continuing pattern of discrimination and retaliation, and consistent discriminatory and retaliatory patterns and practices against Plaintiff. Agency harassed Plaintiff, maintained a hostile work environment and has engaged in Privacy Act violations of Plaintiff's confidential information. Plaintiff includes in complaint the hiring of Faisal Ahmed, into a GS-15 Title 13 secret clearance IT position never having attended college and without a degree, by the Management Official Brian McGrath and Census Bureau Human Resources Office whereby Plaintiff was repeatedly denied promotion to GS-15.

Plaintiff's wife and daughter are also injured by the Agency negligent actions and omissions and MSPB negligent acts and omissions with malice and reckless disregard for Plaintiff and his family. Plaintiff's daughter is unable to attend the college and program of her choice due to the unlawful acts of the Agency and MSPB's failure to comply with statutory, administrative and constitutional law.

3. **Narrowing of Issues:** See amended complaint. Involuntary coerced retirement and suspension. Agency imposition and coercion under duress and suffering from known disability and retaliation while having pending EEOC matters into an Invalid and involuntary agreement is a prohibited personnel practice and must be vitiated in its entirety. Plaintiff claims repeated low performance evaluations, which are personnel actions under 5 USC 2302 (b) were used to create the conditions for termination as in John Does (1-4) vs. Department of Commerce IG but for contest of each unfair evaluation. Continuing pattern and practice of CRA Title VII violations of race, disability, and age discrimination and violation of anti-retaliation provisions of each statute. Agency charge of misconduct is defamation and it intentionally harassed Plaintiff while maintaining a hostile work environment as identified in Plaintiff's discrimination cases. Negligent hiring and retention, negligence with malice and reckless disregard, and enormous pain and suffering. Plaintiff's family continues to be injured. Total destruction of Plaintiff's career. Substantial and long-term damages.

4. **Relief:** Plaintiff seeks all and maximum allowable damages for the egregiousness of the acts and the length of time Plaintiff had suffered to include pecuniary, non-

pecuniary, compensatory and punitive damages; injunctive and declarative relief where appropriate; Equitable relief; Reinstatement with Liquidated damages for intentional discriminatory actions, pain and suffering; Retroactive promotion to GS-15 Step 10 to date Jan. 1, 2003; back-pay, front-pay, and all appropriate benefits at the GS-15 Step 10 level; legal fees; undetermined damages from named and served defendants for civil rights violations and common law torts in their personal and individual capacities.

The FTCA damages for negligent acts and omissions including punitive damages under this provision sought for Plaintiff are approximately $2,000,000.00 for Plaintiff and $5,000,000.00 for Plaintiff's wife and $5,000,000.00 for Plaintiff's child that as a result of negligent, reckless, and malicious acts by Agency and blacklisting of Plaintiff from comparable employment, plaintiff's daughter is unable to attend the college and program of her choice, Drexel University, Philadelphia, PA Physician Assistant (Pediatric) 5 year joint Bachelor/Masters degree program to which she was accepted because Plaintiff property interests were taken by unlawful, negligent, reckless, and malicious acts by Agency and MSPB. Plaintiff had planned to enter a part-time PhD program with only the school choice having not been decided. Plaintiff and daughter's injury are current and ongoing.

In 2006, JA316 document deemed Plaintiff qualified for the Deputy CIO vacancy for the entire Department of Commerce in an application for that vacancy while being repeatedly denied GS-15 positions at the U.S. Census Bureau from 2000 until constructive discharge in 2012.

Plaintiff's wife has borrowed significantly from her 401K, credit card advancements, depleted daughter's college fund, borrowed from Father and Mother In-Law, since termination unable to pay student loan nearing default, Plaintiff depleted TSP account, unpaid state and federal taxes, boat loan default, personal and family credit rating destroyed, delinquent bills, forced to borrow against primary residence and subsequently forced into a predatory mortgage. Opportunity cost is substantial and ongoing.

5. **Amendment of Pleadings**:   See amended complaint.
6. **Joinder of Parties:**
7. **Discovery:**
    a. Plaintiff's complete Official Personnel File Folder.
    b. Request all Electronically Stored Information (ESI) of Office of Special Counsel reports, decisions and communications on all complaints filed by Anthony W. Perry.
    c. All ESI since 2000 of Non-disclosure Agreements (NDA) implemented at Dept. of Commerce and US Census Bureau by name, charges against individual, age, race and length of service.
    d. All ESI including Organization Chart of Department of Commerce HQ and Census Bureau Employment and Labor Law Division/Office of General Counsel by name, grade, position and length of service including promotions from June 1, 2011 through December 2017.

e. All ESI related to August 12, 2001 Personnel Action of Anthony W, Perry changing Plaintiff's supervisory classification from Supervisory Computer Scientist to Computer Specialist and supervisory code from level 2 to any other code noted in the 2001 Official Personnel Action (JA529).

f. All ESI related to the July 26, 2011 email from Census Bureau Human Resources officials and distributed by Ben Felder to Terryne Murphy, Ronda Brown, and Stacy Chalmers.

g. Name, age, race, qualifications, hiring official, selection criteria and all positions held at US Census Bureau by Faisal Ahmed hired by management official Brian McGrath at GS-15 with no college nor a degree, years employed at Census, and all approval documents and signatures for his hiring, employment and subsequent termination.

h. Names of applicants, age, race, time-in-grade from GS-12 to GS-15 and qualifying credentials for the position of Division Chief ISSRO in 2009, including selectee Terryne F. Murphy.

i. Names of applicants and selectee, age, race, time-in-grade for all applicants LAN Technology and Support Office (LTSO) Division Chief vacancy between 2003 and 2012.

j. Names of applicants and selectee, by age, race, time-in-grade GS-12 to GS-15 and college credentials for all LTSO Assistant Division Chief vacancies.

k. Name, year employed, race, age, gender, college degree and time-in-grade from GS-12 to GS-15 of all Census Bureau Information Technology classified employees from 2000 to 2012.

l. All ESI of U.S. Census Bureau disciplinary actions taken against GS-12 to GS-15 employees by race, age and gender, the offenses charged against the employee and action taken.

m. All ESI related to name, age, race, college degree, time-in-grade, selectee for the Census Bureau Associate Director of Information Technology/CIO from 2004 to 2016.

n. All ESI related to selection of Brian McGrath as Associate Director for Information Technology/CIO at the Census Bureau including his 2015 exit from Census Bureau.

o. All ESI of Brian McGrath's communication to Department of Commerce or Census Bureau employees about Anthony W. Perry's Census Bureau employment and the 2012 constructive personnel actions.

p. All ESI of U.S. Census Bureau nondisclosure agreements by employee race, age, length of service, and reason for the disciplinary action.

q. ALL ESI of agreements of any type where the Agency didn't take adverse employment actions and offense for which the personnel action was contemplated.

8. **Estimated Trial Length:**   Less than four (4) months.

9. **Jury Trial**:   Plaintiff requests a jury trial for damages against Dept. of Commerce, Merit Systems Protection Board and the named government employee Defendants. Plaintiff requests de novo review of each discrimination case identified in the amended complaint including EEOC Office of Federal Operations complaint, Appeal #0120161632/Agency #63-2016-00083 for claims of race, disability, and age and gender discrimination.  The Judge retains all consideration and adjudication of the FTCA claims against the United States of America.

10. **Settlement:**   Current settlement negotiations are scheduled to commence 4/18/2019. Past good-faith settlement attempts by Plaintiff were subverted on two occasions by the Agency are documented in the Joint Appendix.  By CSRA statute and MSPB rule, if jurisdiction is proper before the MSPB meaning that Plaintiff's retirement was involuntary, and since jurisdiction and merit in constructive discharges are inextricably intertwined, Plaintiff wins on the merits and is entitled to reinstatement and all relief requested.

11. **Other matters conducive to just, speedy, and inexpensive adjudication**:   Because Plaintiff's child is a freshman and intends to pursue graduate studies or medical school, Plaintiff needs to return to work immediately.  Alternatively, Plaintiff will accept front-pay until age 67 and damages for Information Technology training and re-education in lieu of returning to the U.S. Department of Commerce.  No amount of damages can make Plaintiff and his family whole in this matter.  MSPB had the authority and capability to mitigate damages to Plaintiff's career and family had it followed statutory, administrative and constitutional law and provided the administrative review per MSPB

13

rules or the appropriate judicial review in U.S. Federal District Court after the initial decision in late summer of 2012. Instead the Supreme Court called the Agency's argument in Perry "newly devised".

12. **Statement counsel for parties have conferred about these matters:**   Plaintiff sent draft and this document by email to lead DOJ Counsel Mr. Shoaibi and will send final document by US Postal Service.

Respectfully Submitted,

*Anthony W. Perry*
3-30-18
Anthony W. Perry

Proof of Service

I, Anthony W Perry, certify I will send/sent a copy of the Joint Status Report on 3/31/18 to lead DOJ Counsel Alexander Shoaibi.

Anthony W Perry
3/30/18