Case # 17-cv-01932 TSC

# EXHIBIT D

Exhibit D   Case # 17-cv-01932-TSC



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P. O. Box 77960
### Washington, D.C. 20013

May 05, 2016

Anthony Perry
5907 Croom Station R
Upper Marlboro, MD 20772

Docket # : 0120161632
Filed    : 04/13/16
Agency Number(s): 63-2016-00083

Dear Mr. Perry:

This Commission acknowledges receipt of the above referenced appeal on the date indicated. Any statement or brief in support of the appeal must be submitted to the Commission as well as to the agency within 30 days of filing the notice of appeal. The Commission will accept statements or briefs in support of an appeal by facsimile transmittal (Fax number 202-663-7022) provided they are no more than ten (10) pages long. You are reminded that it is your responsibility to ensure that the agency receives a copy of any material you submit to this office. You should reference the above docket number in all submissions and correspondence to the Commission.

You will be notified by first class mail as soon as a decision is reached on the appeal. You are responsible for providing the Commission with notice of any change of address. The Commission will terminate the processing of the appeal if you file a civil action, in accordance with 29 CFR 1614.409.

The Commission's appellate regulations are found in Title 29, Code Of Federal Regulations, Part 1614 and at 64 Federal Register 37644 (1999). The regulations are available on the Internet on EEOC's Home Page: WWW.EEOC.gov. You are urged to review these regulations.

If you have questions regarding the processing of the appeal, please call the EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the Officer of the Day.

Sincerely,

*Robert J Barnhart*

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

CC:



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Anthony Perry, a/k/a
Laurence L.,[1]
Complainant,

v.

Penny Pritzker,
Secretary,
Department of Commerce
(Bureau of the Census),
Agency.

Appeal No. 0120161632

Agency No. 63-2016-00083

DECISION

Complainant filed a timely appeal with this Commission from the Agency's decision dated March 23, 2016, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

BACKGROUND

At the time of events giving rise to this complaint, Complainant was a former employee, who previously worked as an Information Technology Specialist with the LAN Technology Support Office, at the Agency's Bureau of Census facility in Suitland, Maryland.

On March 8, 2016, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the bases of race (African-American), sex (male), age (over 40), disabilities (not specified) and reprisal for prior EEO activity when management officials coerced him into signing a settlement agreement, which precluded him from applying for reemployment with the Agency in November of 2015.

The record shows that the parties entered into a Settlement Agreement on August 22, 2011. The Agreement resolved all of the claims that Complainant had with the Agency up to the effective date of the agreement. The Agreement stated that "by entering into this Agreement, Complainant

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

does not waive rights or claims that may arise after the effective date of the Agreement." Under the terms of the Agreement, however, Complainant voluntarily agreed to resign from the Agency and agreed to not apply for, or accept, any positions with the Agency in the future. The validity of the Agreement was the subject of an earlier EEOC decision. See [Complainant] v. Department of Commerce (Bureau of the Census), EEOC Appeal 0120130129 (February 21, 2014). We affirmed the Agency's dismissal of his complaint (Agency No. 63-2012-01951) and also found that the settlement agreement was valid. Complainant withdrew his request for reconsideration.

Complainant then appealed to the Merit Systems Protection Board (MSPB), which dismissed his appeal on threshold jurisdictional grounds. The MSPB found that there was sufficient evidence to show that the parties entered into a valid, enforceable settlement agreement and that there had been no coercion or misrepresentation involved in the execution of the Agreement. Complainant then raised this same matter before the United States Court of Appeals for the District of Columbia Circuit, No. 14-1155. He attached his brief in support of his appeal. See Attachment A, February 13, 2015.

Agency Decision

In its decision, the Agency dismissed the complaint under 29 C.F.R. § 1614.107(a) (1) for failure to state a claim. The Agency reasoned that, "because this complaint concerns a collateral attack on another proceeding, this claim is appropriate for dismissal." The Agency also dismissed the complaint for untimely EEO counseling.

On appeal, Complainant attached his "Initial Brief to the U.S. Court of Appeals for the DC Circuit" and he referenced the MSPB decision. He argues that this supporting evidence is "uncontested and undeniable" proof that the Agency actions are a violation of Complainant's constitutional right to due process and equal protection under the law. He stated that the Agreement is invalid, because he claims that the agreement violates EEOC's Guidance on non-waivable employee rights.

In response, the Agency asserts that the issue of whether the Agency coerced Complainant into signing the settlement agreement was a central issue and was litigated and decided by the EEOC and the MSPB. The Agency maintains that the complaint was properly dismissed because Complainant is precluded from challenging the validity of the agreement, by the doctrine of collateral estoppel. The Agency also maintains that Complainant did not contact an EEO counselor until November 27, 2015, which was more than four years beyond the date on which the Agreement was entered. In addition, the Agency argues that the valid and enforceable settlement agreement prevents Complainant from stating a claim of discrimination because he agreed not to apply for or accept any position with the Agency.

## ANALYSIS AND FINDINGS

Our review is <u>de novo</u>. Initially, we note that the Agreement expressly stated that Complainant did not waive rights or claims that may arise after the effective date of the Agreement. Therefore, we find that the Agreement does not raise a prospective waiver issue. Moreover, we agree that the Commission has already addressed the issue of the validity of the Agreement at issue. Because the issue of the settlement validity was already decided, Complainant is precluded from trying to re-litigate under the doctrine of collateral estoppel.

*Untimely EEO Contact*

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action.

In this case, the record shows that Complainant made timely EEO contact on November 27, 2015 with regard to his application for an Associate Director of Information Technology and Chief Information Officer position in November of 2015. Complainant's EEO counselor contact was timely made from the November 2015 alleged discriminator event.

For that reason, we find that the Agency failed to meet its burden of establishing that Complainant's contact was untimely made.

*Failure to State a Claim*

An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, 1614.106(a). The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. <u>Diaz v. Dep't of the Air Force</u>, EEOC Request No. 05931049 (Apr. 21, 1994). When the complainant does not allege he or she is aggrieved within the meaning of the regulations, the agency shall dismiss the complaint for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1).

In this case, Complainant has not alleged a present harm for which we can grant a remedy. No relief can be granted to Complainant as an employee because the terms of the settlement agreement are dispositive of the employment related claims for the period during which he was an employee. In addition, because he agreed to not apply for re-employment, the Agreement would be dispositive of any claims that he might bring as an applicant for reemployment. Consequently, he does not have any viable claims as an applicant or employee. We find, therefore, that Complainant failed to state a claim for which relief can be granted.

4                                                                                                                     0120161632

Upon review, the Commission finds that Complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim.

## CONCLUSION

Accordingly, we AFFIRM the Agency's final decision dismissing Complainant's complaint for the reasons stated herein.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0416)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tends to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. The requests may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or

5                                                                            0120161632

department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

OCT 2 5 2016
Date

6                                                                       0120161632

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Anthony Perry
5907 Croom Station R
Upper Marlboro, MD  20772

Kathryn H. Anderson
Office of Civil Rights, CENHQ  3H068
U.S. Census Bureau
4600 Silver Hill Road
Washington DC 20233

Roy P. Castro, Deputy Director,
Decennial Operations
U.S. Census Bureau
4600 Silver Hill Rd., CENHQ 3H068
Washington, DC  20233

OCT 2 5 2016
_____
Date

_____
Compliance and Control Division

Case #17-cv-01932 TSC

# EXHIBIT E



**Drexel**
UNIVERSITY
*Office of Admissions*

KAMRYN PERRY
5907 CROOM STATION RD
UPPER MARLBORO, MD 20772-9504
UNITED STATES

December 15, 2016

Dear Kamryn,

On behalf of the Admissions Committee, it is my distinct honor to share that you have been admitted to Drexel University. Congratulations! You should be extremely proud of your accomplishments, and I encourage you to celebrate with your family and friends.

Anthony J. Drexel, legendary Philadelphia financier and philanthropist, founded Drexel University in 1891. As we celebrate our 125th anniversary, I have the pleasure of welcoming you to one of the nation's leading and most influential universities. With a history steeped in entrepreneurship and innovation, being a student at Drexel means that you will have access to opportunities and resources that will change the trajectory of your life.

Your admission is contingent on the successful completion of your existing academic program of study at a performance level comparable to the one presented in your application, including any predicted exam results. Be sure to visit our website to review our expectations for admitted students at **drexel.edu/undergrad/resources/admitted**.

To review more information about your admission to Drexel, view your financial aid awards, and to confirm your enrollment, visit Discover Drexel at **discover.drexel.edu**, logging in with your email address and account password.

Kamryn, again, congratulations! I could not be more excited to share this with you, and I hope you take some time over the next few weeks to celebrate your accomplishments. We look forward to meeting you soon and welcoming you to the Drexel community as one of our newest Dragons!

Sincerely,

*Evelyn K. Thimba*
Evelyn K. Thimba
*Vice President & Dean of Admissions*
*Enrollment Management & Student Success*

P.S. I encourage you to visit our admitted students website at **drexel.edu/undergrad/resources/admitted** and start connecting with your fellow new Dragons using #drexelaccepted.

FR_O-762799913-Domestic