UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY PERRY**, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | )    Civil Action No. 17-cv-1932 (TSC) </br> ) |
| **WILBUR ROSS** </br> *United States Secretary of Commerce*, | ) </br> ) </br> ) </br> ) |
| Defendant. | ) </br> ) </br> ) |

**ORDER**

    This matter is before the court on Plaintiff Anthony Perry's Application to Proceed *in forma pauperis* ("IFP"). ECF No. 10. Mr. Perry filed the motion at the court's urging; the court was considering whether to appoint counsel for him from the court's *pro bono* panel, which consists of attorneys who have agreed to represent "*pro se* parties…proceeding *in forma pauperis* in civil actions and cannot obtain counsel by any other means." Local Civil Rule 83.11(a)-(b).

    An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Whether to permit or deny an application to proceed *in forma pauperis* is left to the court's discretion. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26,

2006). "Assets include equity in real estate and automobiles. In addition, federal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Doebler v. Comm'r of Soc. Security*, No. 12-CV-11795, 2012 WL 2891246, at *1 (E.D. Mich. May 3, 2012), *report and recommendation adopted*, No. 12-11795, 2012 WL 2899331 (E.D. Mich. July 16, 2012) (citations and alterations omitted). Additionally, courts must consider whether any of the applicant's expenses are discretionary. *See, e.g., Azzun v. Kan. Dep't of Health & Env't*, No. 09-4144-SAC, 2011 WL 13689 (D. Kan. Jan. 4, 2011) (denying IFP Application in part because some of plaintiff's expenses were discretionary); *In re Stickney*, 370 B.R. 31, 43 (Bankr. D.N.H. 2007) (evaluating the reasonableness of the debtor's monthly expenses). If the applicant shows that he would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit, he qualifies for *in forma pauperis* status. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Mr. Perry's IFP Application reflects that, although he reports that he has $0 in checking and savings, he receives a retirement pension of $3,470 per month, as well as $900 bi-weekly income from employment. While he does have extensive debt, he owns a home and it appears that he splits some of his household expenses with another individual (e.g., "Mortgage $2801 (1/2) - $1400MTH"). Additionally, he spends $347 for home wireless and cellular services.

These facts considered together lead to the conclusion that denying his IFP Application will not deprive Mr. Perry of the "necessities of life." *See Howard v. United States*, Civil Action No. 09-1633 (EGS/DAR), 2011 WL 6033078, at *1 (D.D.C. Dec. 5, 2011). Accordingly, his IFP Application is hereby DENIED.

      The Clerk of the Court shall mail a copy of this order to: ANTHONY PERRY, 5907 Croom Station Road, Upper Marlboro, MD 207722.

Date:  May 22, 2018

                                       *Tanya S. Chutkan*
                                       TANYA S. CHUTKAN
                                       United States District Judge