UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 17-1932 (TSC) |
| | ) |
| WILBUR ROSS, | ) |
| *United States Secretary of Commerce*, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant hereby responds to Plaintiff's memorandum in opposition to Defendant's cross-motion for summary judgment.  Plaintiff not only fails to respond to Defendant's arguments in support of dismissal for lack of jurisdiction, but in doing so, he also fails to heed this Court's clear instruction to brief the issue of jurisdiction rather than address the merits of his claims at this time. For that reason, Defendant respectfully requests that the Court dismiss this case in its entirety. Plaintiff's opposition contains two main arguments, each of which Defendant will address in turn.

First, with respect to Plaintiff's argument that "Mixed-Cases Dismissed At [Merit System Protection Board ("MSPB")] For Lack Of Jurisdiction Receive Judicial Review In The District Court[,]" Pl's Opp. at 10-16, Plaintiff has failed to adequately respond to Defendant's argument that the MSPB had properly found that it lacked jurisdiction because substantial record evidence showed that Plaintiff voluntarily accepted his suspension and resignation.  *See* Def's Mot. at 7-9. The only semblance of a response to that argument is Plaintiff's assertion that the MSPB ALJ "denied material and relevant witnesses and evidence in the administrative proceeding before it." Pl's Opp. at 12.  More specifically, Plaintiff asserts that his supervisors and the author of the proposed removal were denied from testifying.  *Id*.  But Plaintiff makes no assertion about why

such witnesses would have had relevant testimony to provide at the hearing before the MSPB. Accordingly, the Court should reject Plaintiff's opposition and dismiss the case.

Second, with respect to Plaintiff's argument that "Nonfrivolous Allegations In a Mixed Case Satisfy Jurisdictional Requirements[,]" Pl's Opp. at 16-28, Plaintiff again hardly responds to Defendant's argument that the MSPB properly declined to order a jurisdictional hearing on Plaintiff's claim that the agency knew it could not substantiate his proposed removal because such claim did not constitute a nonfrivolous allegation of coercion.  *See* Def's Mot. at 10-11.  Notably, Defendant pointed out that Plaintiff had proffered reasons as to why he believes that the agency could not substantiate its charges (*i.e.*, the agency allegedly did not submit evidence contradicting his claim that he was working under a flexible schedule to accommodate a disability and the agency had incorrectly charged the amount of time for which he had received pay while not working).  *Id*. But Defendant further noted that Plaintiff still failed to address the reasons the MSPB found the agency believed its charges could be substantiated.  *Id.*  Plaintiff's opposition offers nothing more than the same proclamations that the agency could not contradict his claim that he was working under a flexible schedule and had incorrectly charged time.  *See* Pl's Opp. at 17, 19-22, 24, 26.

The only semblance of a response to the reasons that the MSPB found the agency believed its charges could be substantiated is Plaintiff's response to Charge 2 concerning his failure to follow his supervisor's directive to sign an attendance log.  Pl's Opp. at 27-28; Def's Mot. at 11. Plaintiff, however, merely asserts that the implementation of such log was "immaterial" and attempts to justify why he did not use the log until he received an explanation from his supervisor. Pl's Opp. at 27.  But the fact that he would not follow instructions to use the attendance log until after he received an explanation from his supervisor is the very reason the MSPB emphasized in explaining why it found the agency believed it could substantiate its charges. Def's Mot. at 11.

2

Because Plaintiff's opposition hardly undermines that conclusion, the Court should reject such opposition and dismiss his case.

Dated: April 19, 2019	Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: */s/ Matthew Kahn*
MATTHEW KAHN
Assistant United States Attorney
555 Fourth St., N.W. - Civil Division
Washington, D.C. 20530
Phone: (202) 252-6718
Email: Matthew.Kahn@usdoj.gov