UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY PERRY**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WILBUR ROSS** )<br>*United States Secretary of Commerce*, )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 17-cv-1932 (TSC) |

**MEMORANDUM OPINION**

Before the court is Plaintiff Anthony Perry's "Motion for Permanent Injunction and Injunctive Relief Against Dismissal of Complaint for Lack of Jurisdiction with Prejudice" ("Motion"). ECF No. 49. For the reasons below, the court will DENY Perry's Motion.

**I.     Background**

Perry was a Supervisory Information Technology Specialist with the U.S. Census Bureau ("Bureau")[1] when he retired in 2012 after thirty years of service. ECF No. 30-3, Pls. Br. at 5. Challenging his retirement, Perry filed an administrative appeal that was reviewed by the Merit Systems Protection Board (MSPB). The MSPB administrative law judge dismissed the case without a hearing for lack of jurisdiction.

Perry sought review of the MSPB decision in the Court of Appeals for the D.C. Circuit, which held that the Court of Appeals for the Federal Circuit had jurisdiction over the appeal.

---

[1] The Census Bureau is an agency within the Department of Commerce.

1

*Perry v. Merit Sys. Prot. Bd.*, 829 F.3d 760 (D.C. Cir. 2016).  In so doing, the D.C. Circuit rejected Perry's argument that the District Court had jurisdiction over his claims.  *Id.* at 763–68.  Perry appealed to the United States Supreme Court, which held that the District Court had jurisdiction.  *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017).

Consequently, the matter was transferred to this court.  Perry amended his complaint and brought approximately fifteen claims against Defendant, including age, gender, and race discrimination, as well as a retaliation claim.  ECF No. 7, Amend. Compl.

Perry and the Department of Commerce each filed Motions for Summary Judgment.  ECF Nos. 30, 35.  The court denied Perry's Motion for Summary Judgment, granted Defendant's Motion for Summary Judgment, and dismissed the case with prejudice.  ECF Nos. 44-45.  The court docketed its decision as a final appealable order.  Perry has now filed this Motion, seeking injunctive relief in the form of "prevent[ing] the dismissal of a legal docketed complaint with prejudice" or reconsideration of his dismissed case.  ECF No. 49 at p. 3.

## II.     Permanent Injunction and Injunctive Relief

Under federal law, injunctive relief is an "extraordinary and drastic remedy" that is "never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations and quotation marks omitted).  A party's entitlement to injunctive relief depends upon their ability to demonstrate (i) a substantial likelihood of success on the merits, (ii) that they would suffer irreparable injury absent the requested injunctive relief, (iii) that the balance of equities tips in their favor, and (iv) that the public interest would be furthered by the requested injunctive relief.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"The basis of injunctive relief in the federal courts has always been irreparable harm."  *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (quoting

*Sampson v. Murray*, 415 U.S. 61, 88 (1974)); *see also Trudeau v. FTC*, 384 F. Supp. 2d 281, 296-97 (D.D.C. 2005), aff'd, 456 F.3d 178 (D.C. Cir. 2006) ("A showing of irreparable harm is the sine qua non of the preliminary injunction inquiry.") (citing *Experience Works, Inc. v. Chao*, 267 F. Supp. 2d 93, 96 (D.D.C. 2003)).  Accordingly, the "failure to show any irreparable harm is...grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see also Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015) ("the movant must always show irreparable harm or injury, and if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors") (citing *CityFed*, 58 F.3d at 747).

Perry argues that as a result of the court's dismissal, he will suffer irreparable injury because his "claims of adverse agency discrimination will be precluded from a hearing to which he has a constitutional and civil right."  ECF No. 49 at p. 4.  The D.C. Circuit has held that "[p]laintiffs are not likely to suffer 'irreparable harm' in the absence of an injunction" where there is a right to appeal. *Wise v. United States*, 128 F. Supp. 3d 311, 320 (D.D.C. 2015) ("Plaintiffs' right to appeal would provide Plaintiffs with an 'adequate legal remedy' in the absence of injunctive relief").  Perry has the right to appeal this court's Order dismissing his action with prejudice and, as this court ruled in its opinion granting the Department of Commerce summary judgment, *Perry v. Ross*, No. 17-CV-1932 (TSC), 2022 WL 4598650, at *14 (D.D.C. Sept. 30, 2022), he is not entitled to a hearing.  Thus, he has failed to demonstrate that he would suffer irreparable harm absent injunctive relief.

### III.   Reconsideration

Perry also seeks reconsideration of this court's Order granting summary judgment to the

Department of Commerce and dismissing his action with prejudice.  His motion fails because Fed. R. Civ. P 59(e) precludes a movant from rearguing the same theory that they argued on summary judgement or asserting a new argument that could have been raised previously.  *See Delta Ltd. v. U.S. Customs & Border Prot. Bureau*, 393 F. Supp. 2d 15, 17 (D.D.C. 2005) ("Rule 59(e) motions are not granted if the court suspects the losing party is using the motion to reargue the same theory or to assert new arguments that could have been raised prior to final judgment.").

Perry argues that he "has been the victim of relentless discriminatory actions by the Census Bureau management in violation of Title VII", ECF No. 49 at pp. 5, and that he has a right to pursue claims of discrimination and to have a trial de novo by the reviewing court under 5 U.S.C. §7703.  *Id.* at pp. 2.  He proffered the same argument at summary judgment.  ECF No. 37 at pp. 2 ("This instant case is a case of discrimination involving both civil service claims and discrimination claims and are subject to review in the district court to preserve federal employees' statutory 'right' to 'trial de novo' of their discrimination claims.").

Perry's only new argument is that this court lacks subject matter jurisdiction over this case, but this argument also fails because it could have been raised before final judgment.  *See Estate of Gaither ex rel. Gaither v. D.C.*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011 (motions for reconsideration "cannot be used…as a vehicle for presenting theories or arguments that could have been advanced earlier").  And even if Perry could properly raise the argument at this stage of the proceedings, it is unpersuasive.  He cites no applicable case law to support his claim that this court lacks subject matter jurisdiction.  Instead, he relies on the D.C. Court of Appeals' decision in *Perry v. Merit Systems Protection Board*, No. 14-1155 (D.C. Cir. 2016) and the Supreme Court's decision in *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1977 (2017).  ECF

No. 49 at pp. 2; 4.  His reliance on those cases is puzzling, since he argued on appeal that this court had jurisdiction over his claims, and the Supreme Court agreed.  *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017).  He now takes the opposite position.  ECF No. 49 at pp. 2 ("The district court lacks subject matter jurisdiction over the issue of jurisdiction of appeals of MSPB jurisdictional dismissals and its order is unlawful, void, and unenforceable").  This change in his legal position is not supported by the law.  Accordingly, Perry's lack of subject matter jurisdiction argument is unavailing.

### IV.   Conclusion

For the foregoing reasons, Perry's "Motion for Permanent Injunction and Injunctive Relief Against Dismissal of Complaint for Lack of Jurisdiction with Prejudice" and motion for reconsideration will be DENIED.

Date:  December 1, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge